**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2010
_____

RHONSHAWN JACKSON,
Appellant

v.

CARTER; HACHERL; HAGGERTY; DICKEY;
C/O MCNAUGHTON; CONSTANZO; GILARA;
MR. OBERLANDER; SGT. O'BRIEN;
CO 1 MARTUCCI; HICKS; SGT. ROBINSON;
GUARD CLARK

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 16-cv-00133)
District Judge:  Honorable Susan Paradise Baxter

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 11, 2020
Before:  KRAUSE, MATEY and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed May 14, 2020)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Rhonshawn Jackson appeals the judgment of the District Court granting summary judgment to the defendants for failure to exhaust administrative remedies. For the reasons that follow, we will affirm in part and vacate in part the District Court's judgment.

I.

Jackson, a Pennsylvania prisoner, filed a civil rights lawsuit under 42 U.S.C. § 1983 in the Middle District of Pennsylvania. At the time Jackson filed his complaint, he was incarcerated at the State Correctional Institution at Albion ("SCI-Albion"). Prior to that, Jackson was incarcerated at the State Correctional Institution at Forest ("SCI-Forest"). Jackson sued the Pennsylvania Department of Corrections ("DOC"), four senior DOC officials, and 13 corrections officers at both SCI-Forest and SCI-Albion. He twice amended his complaint. Certain defendants were terminated from the lawsuit, and the case was transferred to the Western District of Pennsylvania. After the District Court's partial grant of the remaining defendants' motion to dismiss,[1] litigation moved forward on (1) conspiracy and First Amendment retaliation claims related to Jackson's grievance reporting, (2) Eighth Amendment claims alleging that the defendants failed to protect Jackson from inmate violence, and (3) interference with legal mail claims.

---

[1] We will not review that order because Jackson does not challenge it on appeal. See Laborers' Int'l Union of N. Am. v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir.1994) ("An issue is waived unless a party raises it in its opening brief[.]").

Thereafter, the defendants filed a motion for summary judgment asserting that Jackson failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act ("PLRA") as to all but one grievance, as well as that Jackson's claims failed on the merits. Concluding that Jackson had not exhausted the DOC's administrative remedies as to all claims, the District Court granted the defendants' motion on the basis that Jackson's claims were procedurally defaulted. Jackson filed a motion for reconsideration, which the District Court denied. He timely appealed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review de novo the District Court's grant of summary judgment. Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In evaluating a motion for summary judgment, "all justifiable inferences are to be drawn in . . . favor" of the non-moving party. Id. at 255.

## III.

We disagree with the District Court's determination that all of Jackson's claims were procedurally defaulted. Rather, we conclude that one of his claims—his First

3

Amendment retaliation claim against Defendant O'Brien—was exhausted because his attempts to grieve the claim were thwarted. As to Jackson's other claims, the District Court correctly determined that they were procedurally defaulted.

The PLRA requires prisoners to exhaust available administrative remedies before bringing a suit alleging unconstitutional conduct by prison officials. 42 U.S.C. § 1997e(a); see also Woodford v. Ngo, 548 U.S. 81, 84 (2006). The DOC has a grievance policy involving a three-step process that an inmate must fully complete in order to properly exhaust his administrative remedies under the PLRA. See Commonwealth of Pennsylvania, Department of Corrections, Inmate Grievance System, Policy No. DC-ADM 804 (effective February 16, 2016) (describing an initial written grievance, an appeal to the Facility Manager, and a final written appeal to the Secretary's Office of Inmate Grievances and Appeal); see also Booth v. Churner, 206 F.3d 289, 292 n.2 (3d Cir. 2000), aff'd, 532 U.S. 731 (2001). An inmate must substantially comply with a prison grievance system's procedural rules to avoid procedural default of a claim. See Spruill v. Gillis, 372 F.3d 218, 231 (3d Cir. 2004).

A grievance procedure may be rendered "unavailable" when a prison official thwarts an inmate's ability to utilize it. Ross v. Blake, 136 S. Ct. 1850, 1859–60 (2016); see also Rinaldi v. United States, 904 F.3d 257, 266–67 (3d Cir. 2018). Intimidation, or "serious threats of retaliation and bodily harm," may render a remedy unavailable. See Rinaldi, 904 F.3d at 267–68. This Court has also held that a prison "rendered its

4

administrative remedies unavailable . . . when it failed to timely (by its own procedural rules) respond to [an inmate's] grievance and then repeatedly ignored his follow-up requests for a decision on his claim." Robinson v. Superintendent Rockview SCI, 831 F.3d 148, 154 (3d Cir. 2016); see also Shifflett v. Korszniak, 934 F.3d 356, 365 (3d Cir. 2019).

Before filing his complaint, Jackson had submitted a total of 40 grievances at SCI-Forest and SCI-Albion.[2] Of those, he appealed only one grievance (Grievance No. 572199) to final review. The grievance concerned random searches of Jackson's cell that Jackson claimed were against prison policy and illegal. See ECF No. 75, Exhibit E. However, to the extent that Grievance No. 572199 addressed Jackson's underlying claims of retaliation and conspiracy, it did not name any of the defendants in this lawsuit. Accordingly, the District Court properly deemed the grievance unexhausted for PLRA purposes. See Spruill, 372 F.3d at 231; ECF No. 75-3 at 5 (requiring a prisoner's grievance to "identify the individuals directly involved in the event(s)" under DC-ADM 804).

Jackson did not follow his other grievances to final review. However, he argues that his claims should be deemed exhausted because the grievance system was made

---

[2] While Jackson has not specified which of those grievances pertain to the claims in this case, three of the grievances in the record include the names of defendants in this lawsuit. See ECF No. 75, Exhibit H (Grievance No. 574517); ECF No. 80, Exhibits 28 (Grievance No. 6028001) and 44 (Grievance No. 579430).

unavailable to him. First, Jackson asserts that the defendants' intimidation tactics thwarted his attempts to grieve his claims. See Rinaldi, 904 F.3d at 267–68. To prove intimidation, an inmate must show (1) that "the threat actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process," and (2) that "the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust." Id. at 268 (quoting Turner v. Burnside, 541 F.3d 1077, 1085 (11th Cir. 2008)). While Jackson offered some evidence to support his numerous allegations of threats and retaliation from corrections officers, he failed to demonstrate that the officers' behavior "actually did deter" him from filing or pursuing a grievance. The undisputed evidence shows that Jackson continued to litigate his various grievances even after being threatened, including filing complaints about officers' retaliatory conduct with respect to his grievance-filing. Thus, we conclude that no reasonable factfinder could find that the grievance system was made unavailable to Jackson due to his fear of reprisal.

Second, Jackson argues that his claims should be considered exhausted because some of his grievances went unanswered and his repeated attempts to follow up were ignored. See Robinson, 831 F.3d at 154. Although the District Court did not address it, the record shows, and the appellees concede, that there is one grievance (Grievance No. 602801) that was unanswered while Jackson was at SCI-Albion.[3] Grievance No. 602801

---

[3] Additionally, Jackson claimed that a grievance he wrote while at SCI-Forest about the

alleged, as relevant here, that Defendant O'Brien threw away Jackson's personal property, including legal materials, in retaliation for his filing lawsuits and grievances. The undisputed evidence demonstrates that on February 22, 2016, Grievance No. 602801 was remanded to the Grievance Officer by the Facility Manager. ECF No. 80, Exhibit 33. Under the prison's policy, the Grievance Officer was to return a revised response to Jackson within 15 days of the remand notice. See ECF No. 75-3 at 17. Jackson had not received a response by March 14, 2016, which was beyond the prison's self-defined deadline. ECF No. 80, Exhibit 34. Jackson made numerous attempts to follow up, some of which went unanswered. Id. at Exhibits 35–37. As a result, we consider the claims in Grievance No. 602801 to be exhausted.

Because the District Court deemed Grievance No. 602801 to be unexhausted, it did not reach the merits of the claims the grievance addressed. To the extent that Jackson alleged a conspiracy claim against Defendant O'Brien, he failed to state a claim. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178–79 (3d Cir. 2010) (holding that a § 1983 conspiracy claimant must plead specific facts addressing the time the agreement was made, the period of the conspiracy, the exact parties to the

_____

defendants' tampering with his legal mail and fabricating a confession about Jackson's involvement in the death of another inmate went unanswered. See App. Br. at 7, 9. However, Jackson's bare allegation is not enough to survive summary judgment. And, as the District Court explained, the fact that none of the grievances in the record were initialed and dated by the Grievance Coordinator per prison policy DC-ADM 804 is not sufficient to put the question of the grievances' timeliness or Jackson's receipt of them in dispute. See ECF No. 88 at 6–7.

agreement, and the object of the conspiracy).  However, he appears to have stated a claim of First Amendment retaliation.  "A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him."  Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (internal quotation marks omitted) (quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001)).  The First Amendment protects filing grievances and lawsuits.  See id.  And discarding an inmate's personal and legal property could be considered an "adverse action."  See McKee v. Hart, 436 F.3d 165, 170 (3d Cir. 2006) (noting that alleged retaliatory conduct need only be more than de minimis).  For the purpose of establishing causation, Jackson submitted affidavits from several inmates who saw O'Brien discard Jackson's legal materials and heard him complain about Jackson's filing of grievances and lawsuits.  See ECF Nos. 80-25, 80-26, 80-27.  But whether the retaliation claim has merit is a determination that the District Court should make in the first instance.

    We agree with the District Court that Jackson failed to exhaust available administrative remedies with respect to his remaining grievances.  Thus, we will affirm the District Court's judgment as to Jackson's Eighth Amendment, conspiracy, and mail interference claims, as well as his First Amendment retaliation claims as to all defendants but Defendant O'Brien.  However, we will vacate and remand for further proceedings as

8

to Jackson's retaliation claim against Defendant O'Brien.  Jackson's motion to strike is denied.